IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

JONATHAN MITCHELL ANDERSON,       )
                                  )
            Petitioner,           )
                                  )
      v.                          )        CV 623-058
                                  )
COMMISSIONER MICHAEL W. NAIL,     )
                                  )
            Respondent.           )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner, currently released on parole, brings the above-captioned petition pursuant to 28 U.S.C. § 2254. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.      **BACKGROUND**

A Bulloch County grand jury indicted Petitioner on charges of aggravated battery and aggravated assault. (Doc. no. 8-7, pp. 76-78.)[1] After a jury trial in March 2017, Petitioner was convicted of simple battery and aggravated assault and was found not guilty of aggravated battery. (Doc. no. 8-7, p. 169.) The trial court merged the convictions and sentenced Petitioner as a first offender to a twenty-year sentence, with fifteen years to serve in prison followed by five years on probation. (Id. at 174; doc. no. 8-9, p. 159.) Retained attorney Caleb Banks represented Petitioner at trial. (Doc. no. 8-7, p. 178.)

_____

[1] For ease of reference, the Court cites to the page numbers generated on CM/ECF.

Retained attorney Michael J. Classens represented Petitioner post-conviction during the motion for new trial and direct appeal phases.  (Id. at 196-200.)  The court scheduled a hearing on the motion for new trial, (id. at 202-05), but the parties waived the hearing and briefed the motion instead, (id. at 220; see also id. at 196-200, 210-18).  In an order dated December 10, 2018, the trial court denied the motion for new trial in all respects.  (Id. at 220-23.)

Petitioner filed a direct appeal on the following two enumerations of error:

(1)  The trial court erred in failing to charge the jury on the definitions of battery and assault as requested by the jury; and

(2)  The trial court erred in denying the motion for new trial as a result of the first error.

(Doc. no. 8-9, p. 166.)  The Georgia Court of Appeals affirmed the judgment of conviction in an unpublished opinion on March 3, 2020.  (Doc. no. 8-1, Anderson v. State, No. A19A1977 (Ga. Ct. App. Mar. 3, 2020) (per curiam).)

On March 5, 2020, Petitioner filed a state habeas petition pro se in the Superior Court of Lowndes County, (doc. no. 8-2), which he later amended, (doc. no. 8-3; see also 8-6, p. 2), and testified at an evidentiary hearing on August 13, 2020, (doc. nos. 8-7, 8-8, 8-9).  The amended state petition raised seven grounds:

(1)  Denial of effective assistance of post-conviction counsel;

(2)  Denial of due process of law and "conviction obtained by perjury";

(3)  Denial of effective assistance of trial counsel;

(4)  Conviction obtained by unlawful arrest and unconstitutional seizure;

(5)  (a)  The "multiplicity in the charging instrument resulted in jury confusion which returned an excessive verdict";

(b)  the jury requested definitions of the laws of assault and battery, which demonstrated their confusion;

(c)  the prosecutor sought to confuse the jury by referencing dual convictions three times and the duality of convictions is

2

<div style="margin-left:2em">prohibited; and</div>

 (d) the court erred by not instructing on the word "assault" and its various degrees, including simple assault;

 (6) Prosecutorial misconduct; and

 (7) The trial court erred by denying Petitioner's motion for new trial because the verdict was against the weight of the evidence.

(Doc. no. 8-3, pp. 5-6; doc. no 8-6, pp. 2-19.)  On October 28, 2022, the state habeas court denied the petition, finding (1) ground one lacked merit; (2) grounds two, three, four, five (a), five (c), and six were procedurally defaulted under O.C.G.A. § 9-14-48(d); (3) the state habeas court was precluded from reviewing grounds five (b) and five (d) because the Court of Appeals ruling was binding; (4) and ground seven failed to state a claim for relief.  (See doc. no. 8-6.) Petitioner asserts he attempted to apply for certificate of probable cause ("CPC") before the Georgia Supreme Court, but his application was "lost in the mail," which caused him to miss the thirty-day deadline for filing a CPC application.  (Doc. no. 1, "Petition," p. 5; see also doc. no. 8-6, p. 20.)

 On October 13, 2023, Petitioner filed the instant federal petition *pro se*, asserting three grounds for relief:

 (1) Post-conviction counsel was ineffective by failing to:

  (a) consult Petitioner about which issues to raise on direct appeal,
  (b) relay information, including court dates, to Petitioner, and
  (c) make a "sensible, logical" argument regarding O.C.G.A. § 16-1-7(a)(2);

 (2) Prosecutorial misconduct where the prosecutor:

  (a) introduced new evidence on the day of trial in violation of Georgia Superior Court Rules,
  (b) vouched for the credibility of State witnesses, and
  (c) allowed the victim to testify his hospitalization was of a longer duration than the evidence showed; and

 (3) Trial counsel was ineffective because counsel's vision was failing.

<div style="text-align:center">3</div>

(Petition, pp. 5-10.)  Petitioner filed his brief of law, (doc. no. 4), and Respondent answered the Petition, arguing all three grounds are defaulted, (see doc. no. 6).

## II.    STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011).  Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an

unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted).  Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is wrong; "even clear error will not suffice."  White v. Woodall, 572 U.S. 415, 419 (2014).  Rather, the habeas petition must show the state court decision was "objectively unreasonable."  Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Woods v. Donald, 575 U.S. 312, 316 (2015) (a petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").  A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct. Reed v. Sec'y, Fla. Dep't of Corr., 767 F.3d 1252, 1260-61 (11th Cir. 2014); Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013).  In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 563 U.S. at 181.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2). Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that presumption "with clear and convincing evidence."  Nejad v. Att'y Gen., State of Ga., 830 F.3d 1280, 1289 (11th Cir. 2016) (citing Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007)); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings

of fact by the state court is even more deferential than under a clearly erroneous standard of review."). "The Supreme Court has not yet defined § 2254(d)(2)'s precise relationship to § 2254(e)(1) . . . [w]hatever that precise relationship may be, a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Tharpe v. Warden, 834 F.3d 1323, 1336 (11th Cir. 2016) (citing Wood v. Allen, 558 U.S. 290, 301 (2010)).

## III.   DISCUSSION

### A.   Petitioner's Claims Are Procedurally Defaulted

#### 1.   A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims that the petitioner did not raise in state court but could have raised by any available procedure. 28 U.S.C. § 2254(b)(1)(A) & (c). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies

fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

A federal habeas petitioner can run afoul of procedural default rules in one of two ways, depending on whether the claim is an old one the petitioner already attempted to assert unsuccessfully in state court, or a new one the petitioner never attempted to raise in state court. First, a federal habeas petitioner cannot revive an old claim that a state court previously denied on independent and adequate procedural grounds. "As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are 'independent and adequate' to support the judgment." Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012); see also Shinn v. Ramirez, 142 S. Ct. 1718, 1732 (May 23, 2022) (explaining "federal courts generally decline to hear any federal claim that was not presented to the state courts 'consistent with [the State's] own procedural rules'"). A state court decision rests on "independent and adequate" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim. Second, the state court decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state procedural rule must be adequate; *i.e.,* it may not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for purposes of the procedural default doctrine. In other words, a state procedural rule cannot bar federal habeas review of a claim unless the rule is "firmly established and regularly followed."

Boyd, 697 F.3d at 1336 (internal quotations and citations omitted).  Additionally, the Supreme

Court has made clear that "a state procedural bar may count as an adequate and independent

ground for denying a federal habeas petition even if the state court had discretion to reach the

merits despite the default."  Walker v. Martin, 562 U.S. 307, 311 (2011).

Second, a federal habeas petitioner runs afoul of procedural default rules when he

attempts to bring a new claim in his federal petition that would be procedurally barred if he

attempted to raise it in state court.  In such instances, unless the petitioner either establishes

the cause and prejudice or the fundamental miscarriage of justice exception, the failure to bring

the claim properly in state court has "matured into a procedural default."  Smith v. Jones, 256

F.3d 1135, 1138-39 (11th Cir. 2001).  Thus, where a state procedural bar is apparent, a court

"can forego the needless 'judicial ping-pong' and just treat those claims now barred by state

law as no basis for federal habeas relief."  Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1342

(11th Cir. 2009) (citing Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998)); Bailey v.

Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999).  To determine whether a claim is procedurally

barred in this way, the federal court must ask whether "it is clear from state law that any future

attempts at exhaustion would be futile."  See Bailey, 172 F.3d at 1305.

Simply put, if a claim has not been "fairly presented to the state courts, it is procedurally

defaulted."  Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).  To that end, absent a

showing of either cause to excuse the default and actual prejudice or a fundamental miscarriage

of justice, O.C.G.A. § 9-14-48(d) precludes state habeas review of any issue not preserved for

collateral attack in a state court by timely objecting and raising the issue on appeal.  See Devier

v. Zant, 3 F.3d 1445, 1454-55 (11th Cir. 1993) (citing O.C.G.A. § 9-14-48(d) and upholding a

finding of procedural default on numerous claims); see also Waldrip v. Head, 620 S.E.2d 829,

835-36 (Ga. 2005) ("Claims not raised on direct appeal are barred by procedural default, and in order to surmount the bar to a defaulted claim, one must meet the 'cause and prejudice' test."); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows:  a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus.").   In addition, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition.  O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

> **2.     Petitioner's New Claims Raised in Grounds 1(b) and (c), Ground 2(a), and Ground 3 Are Procedurally Defaulted Because They Were Not Presented to the State Courts**

In Grounds 1(b) and (c), Petitioner alleges his post-conviction counsel was ineffective because he failed to relay information, including court dates, to Petitioner, and because he failed to make a "sensible, logical" argument concerning O.C.G.A. § 16-1-7(a)(2).  (Petition, p. 5.)  In contrast, while Petitioner's state habeas petition also raised ineffective assistance of post-conviction counsel, Petitioner did not allege Mr. Classens failed to apprise Petitioner of court dates or any other particular information, nor did he properly raise an issue as to O.C.G.A. § 16-1-7(a)(2).  In Ground 2(a), Petitioner asserts claims of prosecutorial misconduct because the prosecutors introduced new evidence on the day of trial, violating Georgia Superior Court Rules.  (Id. at 7.)  In contrast, while Petitioner's state habeas petition also raises prosecutorial misconduct, it makes no mention of the new evidence introduced on the day of trial or the Georgia Superior Court Rules.  In Ground 3, Petitioner alleges trial counsel was

ineffective because cataracts were causing his eyesight to fail.  (Id. at 8.)  In contrast, while

Petitioner's state habeas petition also raises ineffective assistance of trial counsel, it does not

allege vision impairment was a contributing factor.

　　　While the roots of each of these claims are the same, these distinctions make it clear

Grounds 1(b) and (c), Ground 2(a),[2] and Ground 3 are new claims not previously presented to

the state courts.  As Respondent argues, these claims are procedurally defaulted and would be

deemed successive if now raised in a second state collateral attack.  (Doc. no. 6-1, pp. 6-9.)

Petitioner's failure to first bring these claims properly in state court has "matured into a

procedural default."  Smith, 256 F.3d at 1138-39; see O.C.G.A. § 9-14-51; Chambers, 150

F.3d at 1327.

### 3.　　Petitioner's Claims Raised in Ground 1(a) and Ground 2(c) Are Procedurally Defaulted Because Petitioner Failed to Exhaust His State Remedies

　　　In Ground 1(a), Petitioner argues Mr. Classens "neglect[ed] to involve [Petitioner's]

input and consultation throughout the entire post-conviction process," quoting in support a

letter from Mr. Classens explaining:  "There has been no need to consult with you on the appeal

issues, whether in person or via telephone."  (Doc. no. 4, p. 5; see also Petition, p. 5; doc. no.

8-9, p. 200.)  In Ground 2(c), as discussed supra, Petitioner argues the victim's testimony at

trial provides evidence of prosecutorial misconduct.  (Petition, p. 7.)  The state habeas court

rejected both of these claims.  (Doc. no. 8-6, pp. 2-8.)  Though Petitioner asserts he attempted

to timely filed his application for a CPC in the Georgia Supreme Court, he claims the

---

[2] The Court further observes Petitioner raises Ground 2(a) only as a matter of alleged error under state court rules.  (Petition, p. 7.)  Because a state court criminal judgment may be collaterally attacked in the federal courts only if it violated federal law, Wilson v. Corcoran, 562 U.S. 1, 3 (2010), it appears this claim would still not form a basis for federal habeas relief if it were not procedurally defaulted.

application was lost in the mail, which caused him to miss the thirty-day deadline.  (Petition, p. 8.)  Petitioner makes no mention of filing a notice of appeal in the state habeas court.  (See Petition; doc. no. 4.)

Under O.C.G.A. § 9-14-52(b), an applicant has thirty days to file both an application for a CPC in the Georgia Supreme Court and a notice of appeal with the clerk of the superior court in which the state habeas court's order entered.  The state habeas court denied relief on October 28, 2022.  (Doc. no. 8-6, p. 20.)  Petitioner concedes no application for a CPC was ever received by the Georgia Supreme Court and to date, no notice of appeal has been filed with the Superior Court of Lowndes County.  See Case Information, Lowndes County Odessey Portal, https://portalprod.lowndescounty.com/PortalProd/Home/Dashboard/29 (search "2020-CV-0546" and click case number) (last visited March 13, 2024).[3]  A timely application for a CPC and a timely notice of appeal are required to confer jurisdiction, and in the absence of both, the appeal must be dismissed.  See, e.g., Fullwood v. Sivley, 517 S.E.2d 511, 513-514, 516 (Ga. 1999) (explaining application for a CPC "and a notice of appeal are both necessary to invoke [Supreme Court's] jurisdiction over an appeal from the denial of a petition for habeas corpus" and explaining jurisdictional requirement is strictly enforced, even as to *pro se* petitioner).  Petitioner's failure to timely fulfill the requirements for filing a notice of appeal and applying to the Georgia Supreme Court for a CPC to review the state habeas order denying the claims raised in Grounds 1(a) and 2(c) of the federal petition means he failed to exhaust all of his available state remedies, and has "resulted in procedural default of those claims." O'Sullivan, 526 U.S. at 848; Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (*per curiam*).

---

[3] See also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

**4.**     **Consideration of Grounds 2(b) and (c) Is Barred Because the State Court Findings the Claims Were Not Properly Preserved Are Independent and Adequate State Grounds for Denying Relief**

In Ground 2(b), Petitioner raises a claim of prosecutorial misconduct because prosecutors, in closing argument, allegedly vouched for the credibility of state witnesses. (Petition, p. 7; see also doc. no. 4, p. 5; doc. no. 8-9, p. 32.)  Respondent argues Ground 2(b) is procedurally defaulted because Petitioner failed to raise this claim in his state habeas petition.  (See doc. no. 6-1, p. 6-10.)  However, in examining the record, the Court finds Petitioner did raise this claim and the state habeas court addressed it.  (Doc. no. 8-6, pp. 17-19; see also doc. no. 8-3, p. 6.)  The state habeas court found this claim was procedurally defaulted under O.C.G.A. § 9-14-48(d) because the issue was "not timely raised at the trial and on direct appeal." (Doc. no. 8-6, p. 17.)  Citing Black, the state habeas court explained default could only be excused if Petitioner "established cause and actual prejudice to overcome the default." (Doc. no. 8-6, p. 9.)  The state habeas court determined Petitioner had not established cause or prejudice because Petitioner's trial counsel did not object to the remarks during closing argument, appellate counsel made a strategic decision not to raise an ineffective assistance of trial counsel claim, and "prosecutor[s] 'may argue reasonable inferences from the evidence, including any that address the credibility of witnesses.'" (Id. (citing Flood v. State, 311 Ga. 800, 810, 860 S.E.2d 731 (2021).)  Thus, because this claim was denied by the state habeas court under state procedural default rules "firmly established and regularly followed," it is procedurally defaulted in these proceedings and provides no basis for federal habeas relief. See Boyd, 697 F.3d at 1336; McNair, 416 F.3d at 1305; Smith, 256 F.3d at 1139.

In Ground 2(c), Petitioner raises a claim of prosecutorial misconduct because the victim, when called as a witness for the government, testified his hospitalization was longer

than the evidence showed.  (Petition, p. 7.)  Although Ground 2(c) is procedurally defaulted

because is it unexhausted as discussed *supra*, it is additionally procedurally defaulted in light

of the state habeas court's ruling.  The state habeas court found this claim, like Ground 2(b),

was procedurally defaulted under O.C.G.A. § 9-14-48(d) because the issue was not "timely

raised at the trial level" or "on direct appeal as part of the two issues that were raised."  (Doc.

no. 8-6, p. 8.)  Citing Black, the state habeas court explained default could only be excused if

Petitioner "established cause and actual prejudice to overcome the default."  (Doc. no. 8-6, p.

9.)  The state habeas court determined Petitioner had not established cause or prejudice because

Petitioner's appellate counsel made a strategic decision not to raise an ineffective assistance

of trial counsel claim and because any purported inconsistencies in the "length of the victim's

hospitalization were for the jury to resolve and would not present grounds for reversal."  (Id.

at 11 (citing Flood, 311 Ga. at 802).)  Thus, because this claim was denied by the state habeas

court under state procedural default rules "firmly established and regularly followed," it is

procedurally defaulted in these proceedings and provides no basis for federal habeas relief.

See Boyd, 697 F.3d at 1336; McNair, 416 F.3d at 1305; Smith, 256 F.3d at 1139.

> **5.    Petitioner Cannot Satisfy the Cause and Prejudice Standard to Justify Federal Review of His Defaulted Claims, and the Miscarriage of Justice Exception Does Not Apply**

"A petitioner may obtain federal review of a procedurally defaulted claim if he can

show both cause for the default and actual prejudice resulting from the default."  Jones, 436

F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)); Shinn, 142 S. Ct. at 1732

(same).  "Cause for a procedural default exists where something *external* to the petitioner,

something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with

the State's procedural rule."  Maples v. Thomas, 565 U.S. 266, 280 (2012) (internal quotation

marks omitted).  "Once cause is proved, a petitioner also must prove prejudice.  He must show 'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)); Shinn, 142 S. Ct. at 1733 (same).  For example, procedural default does not preclude federal habeas review when

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. 413, 423 (2013); Martinez v. Ryan, 566 U.S. 1, 13-14, 16-17 (2012).

Petitioner has presented no valid justification for failing to raise his defaulted claims at the proper time in his state proceedings, let alone something external to him that cannot be fairly attributed to him.  Petitioner's attempts to bootstrap his barred claims under the rubric of ineffective assistance of counsel fails because, as explained herein, Petitioner has no valid ineffective assistance of counsel claims.  See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (recognizing ineffective assistance of counsel claim, if it has merit, may satisfy cause exception to procedural bar); see also Shinn, 142 S. Ct. at 1733 (recognizing constitutionally ineffective assistance of counsel may excuse procedural default but "'[a]ttorney ignorance or inadvertence' cannot excuse procedural default").  As discussed below, Petitioner does not meet the cause and prejudice standard and has not shown that his claims are substantial.

       **a.**     **Under <u>Strickland v. Washington</u>, Petitioner Bears a Heavy Burden on Ineffective Assistance of Counsel Claims**

Ineffective assistance of counsel claims are subject to the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688.  In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." <u>Hagins v. United States</u>, 267 F.3d 1202, 1204-05 (11th Cir. 2001).  "An attorney's actions need only fall within 'the wide range of professionally competent assistance' to pass constitutional muster," and "courts should not second-guess counsel's assistance" because "[e]ven the best criminal defense attorneys would not defend a particular client the same way." <u>Philmore v McNeil</u>, 575 F.3d 1251, 1260 (11th Cir. 2009) (citations omitted).

Strategic decisions are entitled to a "heavy measure of deference." <u>Strickland</u>, 466 U.S. at 691.  Indeed, "strategic choices are 'virtually unchallengeable.'" <u>Provenzano v. Singletary</u>, 148 F.3d 1327, 1332 (11th Cir. 1998) (citing <u>Strickland</u>, 466 U.S. at 690, and <u>Waters v. Thomas</u>, 46 F.3d 1506, 1522 (11th Cir. 1995) (*en banc*)).  "[C]ounsel will not be deemed unconstitutionally deficient because of tactical decisions . . . , and [t]he presumption of reasonableness is even stronger when we are reviewing the performance of an experienced trial counsel." <u>Michael v. Crosby</u>, 430 F.3d 1310, 1320 (11th Cir. 2005) (internal citations omitted).

To show that an attorney's choice of strategy is unreasonable, a petitioner must show that no competent counsel would have made such a choice. <u>Strickland</u>, 466 U.S. at 690; <u>Adams v. Wainwright</u>, 709 F.2d 1443, 1445 (11th Cir. 1983) (*per curiam*) ("Even if in retrospect the strategy appears to have been wrong, the decision will be held ineffective only if it was so

patently unreasonable that no competent attorney would have chosen it." (citations omitted)). The purpose of this review is not to grade counsel's performance because, of course, every lawyer "could have done something more or different. . . . But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*). Strickland requires application of a totality-of-the-circumstances standard because "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Khan v. United States, 928 F.3d 1264, 1273 (11th Cir. 2019) (citation omitted).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." Ward v. Hall, 592 F.3d 1144, 1164 (11th Cir. 2010) (citing Waters, 46 F.3d at 1512). "The reasonableness of counsel's performance is evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances . . . ." Michael, 430 F.3d at 1319 (citations omitted).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013).

Under the prejudice prong of <u>Strickland</u>, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." <u>Butcher v. United States</u>, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).   Indeed, the Court must examine the entirety of counsel's performance and the effect of such "in light of the record as a whole to determine whether it was reasonably probable that the outcome would have been different." <u>Lancaster v. Newsome</u>, 880 F.2d 362, 375 (11th Cir. 1989).

The <u>Strickland</u> test also applies to claims of ineffective assistance of appellate counsel, <u>see</u> <u>Dell v. United States</u>, 710 F.3d 1267, 1273 (11th Cir. 2013), with the additional consideration that a criminal defendant has no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983); <u>see also</u> <u>Philmore</u>, 575 F.3d at 1264 (explaining appellate counsel not required to raise every non-frivolous issue).   Appellate counsel is not ineffective for failing to raise claims 'reasonably considered to be without merit.'" <u>Nyhuis</u>, 211 F.3d at 1344 (citation omitted). Moreover, it is up to appellate counsel to winnow out weaker arguments, even if they may have merit, and select the most promising issues for review.   <u>Jones</u>, 463 U.S. at 751-52;

<u>Philmore</u>, 575 F.3d at 1264.  Prejudice turns on whether "the neglected claim would have a reasonable probability of success on appeal."  <u>Philmore</u>, 575 F.3d at 1265 (citation omitted).

      **b.**      **Ineffective Assistance of Appellate Counsel Claims in Ground 1**

      Concerning the unexhausted claim raised in Ground 1(a), Petitioner's assertion his application for a CPC was "lost in the mail" is insufficient to establish cause by showing something external to him impeded his efforts to comply with the statutory requirements of O.C.G.A. § 9-14-52(b).  Petitioner's "ch[oice] to entrust [his] appeal to the vagaries of the mail" does not shelter Petitioner from the Georgia Supreme Court's thirty-day deadline.  <u>Houston v. Lack</u>, 487 U.S. 266, 271 (1988).  As a non-incarcerated litigant at the time of his state habeas court ruling, (<u>see</u> doc. no. 8-6, p. 20 n.2), Petitioner could have "personally travel[ed] to the courthouse to see that the [documents are] stamped 'filed'" or, after mailing the application, could have "follow[ed] its progress by calling the court to determine whether the notice [was] received and stamped, knowing that if the mail goes awry [he] can personally deliver notice at the last moment."  <u>Houston</u>, 487 U.S. at 271.  Petitioner does not contend he took any of these actions.  Moreover, Petitioner also failed to file a notice of appeal with the state habeas court and provides no explanation for his failure to do so.  He simply asks this Court to disregard the state's well-established rules regarding the requirements for a timely CPC application and notice of appeal, but this Court cannot.  <u>See</u> <u>Boyd</u>, 697 F.3d at 1335.

      Petitioner also cannot rely on his ineffective assistance claim to excuse procedural default, as he fails to demonstrate such a claim is meritorious, let alone substantial.  Petitioner does not specify in his federal petition how Mr. Classens's performance was deficient or how he was prejudiced by that performance.  Instead, Ground 1(a) merely states, "Counsel did not consult [Petitioner] because, 'there wasn't any need to.'"  (Petition, p. 5.)  As the state habeas

court explained, "appellate counsel had no per se duty to consult with Petitioner about what claims to raise on appeal, as the decision about what to raise on appeal is the appellate attorney's to make," and Mr. Classens's strategic decisions were "well within the range of reasonable professional judgment under the circumstances." (doc. no. 8-6, pp. 6-7 (citing Jones, 463 U.S. at 751).) As set forth above, a criminal defendant has no constitutional right to compel appellate "counsel to press nonfrivolous points requested by the client." Jones, 463 U.S. at 751; see also Philmore, 575 F.3d at 1264 (explaining appellate counsel not required to raise every non-frivolous issue). Furthermore, Petitioner cannot show the requisite Strickland prejudice for his claim Mr. Classens failed to consult him during post-conviction proceedings because he makes no argument the issues raised in his post-conviction proceedings would have been different, much less successful, had Petitioner been more involved.

As to Ground 1(b), Petitioner pled no facts supporting his claim Mr. Classens failed to inform him of information, including court dates, regarding his case. Thus, Petitioner cannot establish deficient performance to satisfy Strickland's first prong and his procedural default cannot be excused because his ineffective counsel claim has no merit. To the extent Ground 1(b) is intended to refer to Mr. Classens's decision to waive a hearing on Petitioner's motion for new trial, Petitioner has failed to demonstrate prejudice to satisfy Strickland's second prong. As the state habeas court found, Mr. Classens's "strategic decision to waive a hearing . . . and instead rely on written briefs . . . was well within the range of reasonable professional judgment under the circumstances." (Doc. no. 8-6, p. 7.)

As to subpart (c), Petitioner's claim that Mr. Classens failed to make a "sensible, logical" argument concerning O.C.G.A. § 16-1-7(a)(2), Petitioner cannot demonstrate prejudice. Appellate counsel is not ineffective for failing to raise claims "reasonably

considered to be without merit," <u>Nyhuis</u>, 211 F.3d at 1344, and appellate counsel's role is to winnow out weaker arguments, even if meritorious, <u>Jones</u>, 436 U.S. at 751-52; <u>Philmore</u>, 575 F.3d at 1264. Petitioner has not identified how Mr. Classens's failure to raise a claim under O.C.G.A. § 16-1-7(a)(2) fell outside the realm of "'the wide range of professionally competent assistance' pass[ing] constitutional muster." <u>Philmore</u>, 575 F.3d at 1260 (quoting <u>Strickland</u>, 466 U.S. at 690). Moreover, Petitioner provided no argument to suggest "the neglected claim would have a reasonable probability of success on appeal," <u>Philmore</u>, 575 F.3d at 1265 (citation omitted), to demonstrate prejudice to satisfy <u>Strickland</u>'s second prong.

Because the Court concludes there is no valid underlying ineffective assistance of appellate counsel claim, Petitioner has not established cause to excuse his default of these claims. Petitioner makes no argument other than ineffective assistance to show cause for his failure to raise these claims of ineffective assistance of appellate counsel as argued in these federal proceedings. As a petitioner must show cause *and* prejudice for failing to raise the claims, his failure to satisfy the cause prong is fatal to his claims of ineffective assistance of appellate counsel.

### c.    Prosecutorial Misconduct Claims in Ground 2

Petitioner has not established cause to excuse his default of his claims of prosecutorial misconduct. Petitioner argues only that his failure to raise claims of prosecutorial misconduct at the proper time was because appellate counsel determined this was not a credible argument for appeal. (Petition, p. 7.) As discussed above, such a claim is insufficient to establish ineffective assistance, <u>Nyhuis</u>, 211 F.3d at 1344, and Petitioner provided no argument to suggest "the neglected claim would have a reasonable probability of success on appeal," <u>Philmore</u>, 575 F.3d at 1265 (citation omitted). Thus, Petitioner's claim of ineffective

assistance of appellate counsel is insufficient to demonstrate cause for Petitioner's failure to raise his prosecutorial misconduct claims brought in Ground 2 at the proper time.

For the reasons discussed *supra* concerning Ground 1(a), Petitioner's assertion his application for a CPC was "lost in the mail" is likewise insufficient to establish cause by showing something external to him impeded his efforts to comply with the statutory requirements of O.C.G.A. § 9-14-52(b) regarding Ground 2(c).

### d.      Ineffective Assistance of Trial Counsel Claim in Ground 3

In Ground 3, Petitioner claims Mr. Banks was ineffective because his vision was failing due to cataracts, which caused him to misread various documents throughout the trial.  While the record demonstrates Mr. Banks suffered from cataracts, Petitioner cannot establish deficient performance to satisfy Strickland's first prong.  Petitioner cites two instances during trial when Mr. Banks misread a document.  First, Mr. Banks "misinterpret[ed] the case docket number," (doc no. 4, p. 3), and second, when cross examining a witness, Mr. Banks mispronounced a police officer's name and the witness corrected Mr. Banks's pronunciation, (doc. no. 8-8, p. 115).  Mr. Banks then explained the error, stating, "I'm sorry.  I can't see too well.  I'm getting my cataracts out soon though."  (Id.)

Petitioner makes no attempt to explain how he was prejudiced by these two, seemingly innocuous, errors by Mr. Banks.  Merely establishing counsel suffered a physical impairment during a trial is insufficient on its own to establish prejudice.  See Baker v. Thomas, No. 206-CV-201, 2008 WL 2225753, at *5 (M.D. Ala. May 27, 2008) (finding no ineffective assistance where counsel suffered sudden illness but "indicated to the court that he was able to make an opening statement and question at least a couple of witnesses").  "Petitioner's bare and conclusory allegation that counsel rendered an unreasonable performance due to [a physical

impairment] . . . , without more, is simply insufficient to satisfy the <u>Strickland</u> standard." <u>Baker</u>, 2008 WL 2225753, at *5. Thus, Petitioner is unable to demonstrate prejudice to satisfy <u>Strickland</u>'s second prong.

Moreover, because the Court concludes there is no valid underlying ineffective assistance of trial counsel claim, and appellate counsel cannot be ineffective for failing to raise a meritless claim, <u>see</u> <u>Nyhuis</u>, 211 F.3d at 1344, Petitioner has not established cause to excuse his default of these claims. Petitioner fails to offer any justification for failing to raise Ground 3 in the state courts. Nor does he contend that something external to him prevented raising this claim at the proper time in the state courts. As a petitioner must show cause *and* prejudice for failing to raise a claim, his failure to satisfy either prong is fatal to his claim of ineffective assistance of trial counsel.

In sum, the record does not support a substantial showing of a meritorious claim of ineffective assistance, let alone that Petitioner would be prejudiced by this court refusing to consider his defaulted claims.

### e.    No Fundamental Miscarriage of Justice

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice." <u>Jones</u>, 436 F.3d at 1304 (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986)). The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. <u>Murray</u>, 477 U.S. at 496; <u>see also</u> <u>Johnson</u>, 256 F.3d at 1171 ("This exception is exceedingly narrow in scope, as it concerns a petition's 'actual' innocence rather than his 'legal' innocence."). In <u>McQuiggin v. Perkins</u>, the Supreme Court held that this exception

survived AEDPA's passage but "applies to a severely confined category:  cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]."  569 U.S. 383, 395 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Petitioner does not argue, let alone submit any evidence, that he is probably, factually innocent of the simple battery and aggravated assault charges for which he was convicted.  To the contrary, as discussed in detail herein, all of Petitioner's arguments are based on legal theories of alleged error related to his trial and post-conviction proceedings.

Accordingly, Petitioner's claims are defaulted, are not excused by any exception, and provide no basis for federal habeas corpus relief.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 18th day of March, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA